**BANK OF SAN PEDRO, a California corporation, Plaintiff–Appellant,**

v.

**FORBES WESTAR, INC., a Washington corporation; Ropner Insurance Services, Ltd.; Lloyd's Underwriters; Threadneedle Insurance Company, Ltd., et al., Defendants–Appellees.**

No. 93–55979.

United States Court of Appeals, Ninth Circuit.

Argued and Submitted Feb. 9, 1995.

Opinion April 13, 1995.

Opinion Withdrawn April 24, 1995.

Decided April 24, 1995.

As Amended May 30, 1995.

---

Patrick D. Webb and Michael M. Daly, Grace, Skocypec, Cosgrove, and Schirm, San Diego, CA, Kenneth B. Wassner, F.D.I.C., Irvine, CA, E. Whitney Drake, F.D.I.C., Washington, DC, for plaintiff-appellant Bank of San Pedro.

David Gorney, Chase, Rotchford, Drukker, and Bogust, Los Angeles, CA, for defendant-appellee Forbes Westar, Inc.

Scott T. Pratt and Elizabeth Ann Kendrick, Keesal, Young, and Logan, Long Beach, CA, for defendant-appellee Ropner Ins. Services.

Lawrence D. Bradley, Jr., Gordon K. Wright, Dimitrios P. Biller and Mark Christian Hendricks, Pillsbury, Madison, and Sutro, Los Angeles, CA, for defendants-appellees Lloyd's Underwriters, and Threadneedle Ins. Co.

Before: BEEZER, and NOONAN, Circuit Judges, and EZRA,* District Judge.

### ORDER

The opinion filed on April 13, 1995 is hereby withdrawn.

### OPINION

NOONAN, Circuit Judge:

Bank of San Pedro (the Bank) appeals from the grant by the district court of summary judgment in favor of Lloyd's Underwriters and companies selling insurance on the London Insurance Market (the Insurers). We reverse the district court.

### PROCEEDINGS

The Bank filed its complaint against the Insurers alleging breach of an insurance contract and various other claims in the Southern District of California on August 28, 1991. The Bank alleged jurisdiction based on diversity of citizenship. The defendants were the Insurers that underwrote the insurance on the London Market and the two brokers through whom the insurance was purchased, Forbes Westar, Inc. (Forbes), an insurance broker based in the State of Washington, and Ropner Insurance Services, Ltd. (Ropner), a London insurance broker qualified to do

---

* The Honorable David A. Ezra, United States District Judge for the District of Hawaii, sitting by designation.

business at Lloyd's. The brokers took no part in this appeal; "defendants" herein refers to the Insurers.

The Bank, the owner of a ship, the Princess Louise, sought recovery for its loss. The Bank moved to strike the answer of the defendants on the ground that they had failed to comply with California Insurance Code § 1616. On July 21, 1992, the district court denied the motion to strike holding that the insurance contract fell within two exceptions in § 1620. The Insurers moved for summary judgment, which was granted by the district court on July 27, 1992.

The Bank appeals both the denial of the motion to strike and the grant of summary judgment.

## ANALYSIS

### Jurisdiction

The Bank asserted jurisdiction in the district court on the basis of diversity of citizenship. The Federal Deposit Insurance Corporation has since been substituted for the Bank and now is the proper party. We continue to have jurisdiction pursuant to 12 U.S.C. § 1819(b)(2)(A).

Regardless of the source of jurisdiction, there can be no dispute that the contract to insure the Princess Louise is a contract of marine insurance. This court has observed that "whether federal or local law applies to a maritime insurance contract can present a troublesome question." *Bohemia, Inc. v. Home Ins. Co.*, 725 F.2d 506, 509 (9th Cir.1984).

### The Applicable Law

The Insurers now argue that California procedural rules have no application because federal maritime law controls. The Insurers are mistaken. It has been authoritatively recognized that, just as Congress has abstained from regulating insurance, so should the federal courts. The Supreme Court has declared: "We, like Congress, leave the regulation of marine insurance where it has been—with the States." *Wilburn Boat Co. v. Fireman's Fund Ins. Co.*, 348 U.S. 310, 321, 75 S.Ct. 368, 374, 99 L.Ed. 337 (1955). The Supreme Court has noted

that the requirement of a uniform federal maritime law "still leaves the states a wide scope" and that state created liens, state remedies for wrongful death, state laws governing arbitration agreements, and state laws regulating the effect of a breach of warranty under contracts of marine insurance have all "been accepted as rules of decision in admiralty cases." *Romero v. International Terminal Operating Co.*, 358 U.S. 354, 373–74, 79 S.Ct. 468, 481, 3 L.Ed.2d 368 (1959). As Justice Scalia recently put it, "It would be idle to pretend that the line separating permissible from impermissible state regulation is readily discernible in our admiralty jurisprudence, or indeed is even entirely consistent within our admiralty jurisprudence," *American Dredging Co. v. Miller*, — U.S. —, —, 114 S.Ct. 981, 987, 127 L.Ed.2d 285 (1991); but California's bond requirement not only is part of the state's regulation of insurance, it is the kind of local policy that federal courts are to apply when sitting in admiralty. *Id.* at —, 114 S.Ct. at 989. Consequently, we must apply the California law regulating marine insurance.

California devotes an entire section of its law, the Insurance Code, to the regulation of insurance. Chapter 4 of that law is addressed to "foreign insurers." Section 1616 provides:

### Section 1616. Prerequisites to Filing of Pleading.

Before any nonadmitted foreign or alien insurer shall file or cause to be filed any pleading in any action, suit or proceeding instituted against it, the insurer shall either (1) procure a certificate of authority to transact insurance in this state; or (2) give a bond in the action, suit or proceeding in an amount to be fixed by the court sufficient to secure the payment of any final judgment which may be rendered in the action, suit or proceedings.

This requirement of California law is part of its regulatory scheme. To disregard it would be to damage the mechanism by which California regulates insurance. Following the teaching of *Wilburn Boat*, we apply the requirement.

The defendants are admittedly foreign insurers. They have not procured the certificate or filed the bond required by the statute. Therefore, unless they fit within an exception, they are disqualified from pleading. The exception to which they appeal is provided by § 1620(a): "The provisions of the preceding sections of this article shall not apply to any action, suit or proceeding against any unauthorized foreign or alien insurer arising out of any contract of insurance effected in accordance with Sections 1760.5 and 1763...."

Chapter 6, Surplus Line Brokers, § 1760.5 states that the provisions limiting the insurance which may be placed with nonadmitted insurers do not apply to "insurance against perils of navigation ... upon hulls ... or other shipowner interests" and goes on to specify that such insurance "may be placed with a nonadmitted insurer only by and through a special lines' surplus line broker. The license of a special lines' surplus line broker shall be applied for and procured and shall be subject to the same fees for filing on issuance in the same manner as the license of the surplus line broker, except that in lieu of the bond required by Section 1765, there shall be delivered to the commissioner a bond in the form, amounts, and condition specified in Sections 1663 and 1665 for an insurance broker and only one fee shall be collected from one person for both licenses." *Id.* § 1760.5(b). The statute manifestly implies that the special lines' surplus line broker must be licensed; otherwise there would be no point in the statute's provision for the broker's licensing in the same way as a surplus line broker and for providing that the placing of insurance in violation of these provisions is a misdemeanor. *Id.* § 1760.5(d).

The Insurers are all foreign to California. There is no contention that Ropner is a licensed special lines' surplus line broker. The Bank submitted a statement certified by the California Commissioner of Insurance that there was no record of Forbes being either a licensed surplus line broker or a licensed special lines' surplus line broker; and there is now no contention that Forbes is

either one or the other. Consequently, the exception provided by § 1760.5(a)(2) does not apply. Moreover, to qualify for the § 1620(a) exception, the insurance must be effected in accordance with § 1763. Section 1763 sets conditions to the placement of insurance by a surplus lines broker including a report to the commissioner regarding the insurance. There has been no showing that such a report was made. For this reason, too, the § 1620(a) exception does not apply.

It is irrelevant whose agent Forbes or Ropner was. None of the defendants have met the statutory terms. As there is no exception, the defendants as they now stand are not permitted to file an answer. We have no reason to consider other arguments raised on this appeal as there is no answer before the court.

Accordingly, the judgment of the district court is **REVERSED** and the case **REMANDED** for proceedings consistent with this opinion.