Christopher KIERNAN,
Plaintiff–Appellee,

v.

ZURICH COMPANIES, aka Zurich
Companies Collective Marine
Policy, Defendant–Appellant,

Baker and Hostetler, a Law Firm;  Paul
W. Chandler, an individual,
Defendants.

No. 96–56854.

United States Court of Appeals,
Ninth Circuit.

Argued and Submitted April 10, 1998.

Decided July 28, 1998.

 

James E. Ross, James E. Ross & Associates, Houston, Texas, for defendants-appellants.

Steven Zwick, Santa Ana, California, for plaintiff-appellee.

Before: GOODWIN, SCHROEDER, and PREGERSON, Circuit Judges.

PREGERSON, Circuit Judge:

Plaintiff Christopher Kiernan suffered bodily injuries while parasailing from a boat owned by Capistrano Parasail, Inc.[1] Kiernan sued Capistrano for damages. In 1994, a jury returned a verdict in Kiernan's favor for $100,000. His costs of suit were $11,038.72. Capistrano failed to pay the judgment. Kiernan then filed an action in state court against Capistrano's insurer, Zurich Companies, to recover on the judgment. Kiernan brought his action against Zurich under California Insurance Code § 11580(b)(2), which permits a judgment creditor to bring a direct action against an insurer to collect a judgment awarded against an insured. The action was removed to federal court on grounds of diversity.

The parties agreed to a stipulated trial on the issue whether Kiernan could bring a direct action against Zurich under § 11580(b)(2). The district court found that

Kiernan could bring such an action and entered judgment for Kiernan in the amount of $136,412.77, which included additional costs and interest. Zurich appeals. We have jurisdiction under 28 U.S.C. § 1291, and we affirm.

## I. KIERNAN'S RIGHT TO DIRECTLY SUE ZURICH

Disputes arising under marine insurance contracts are governed by federal admiralty law when an established federal rule addresses the issues raised. *Suma Fruit Int'l. v. Albany Ins. Co.,* 122 F.3d 34, 35 (9th Cir.1997). In the absence of an established federal rule, a federal court may, in certain circumstances, fashion one. *Wilburn Boat Co. v. Fireman's Fund Ins. Co.,* 348 U.S. 310, 314, 75 S.Ct. 368, 99 L.Ed. 337 (1955) (court declines to fashion a federal admiralty rule). State law governs disputes arising under marine insurance contracts only "in the absence of a federal statute, a judicially fashioned admiralty rule, or a need for uniformity in admiralty practice...." *Suma,* 122 F.3d at 35 (quoting *Bohemia, Inc. v. Home Ins. Co.,* 725 F.2d 506, 510 (9th Cir.1984)).

### A. Existence of a Federal Admiralty Rule

Defendants assert that an established federal admiralty rule prohibits an injured third party, such as Kiernan, from bringing a direct action against an indemnity insurer. The Sixth Circuit, however, recently addressed this question and found that "no clearly articulated federal principle either permits or prohibits the right of direct action" by a third party against an indemnity insurer. *Aasma v. American S.S. Owners Mut. Protection and Indem. Ass'n, Inc.,* 95 F.3d 400, 403–404 (6th Cir.1996). Moreover, the Eleventh Circuit has stated that "[f]ederal admiralty law neither authorizes nor forecloses a third party's right to directly sue an insurance company." *Morewitz v. West of*

---

1. Kiernan was in a parachute pulled by Capistrano's boat. He was injured when the boat slowed to "dip" him in the water. A "dip" occurs when a parasailor is deliberately lowered to touch the surface of the water and then is immediately pulled aloft. Kiernan was injured because he was forced underwater when the boat slowed.

*England,* 62 F.3d 1356, 1362 (11th Cir.1995) (citation omitted).

We have found no federal maritime authority that would prohibit a third party whose judgment against an insured is not satisfied from directly suing the insured's indemnity insurer.

### B. Creating a Federal Admiralty Rule

■ Both the Supreme Court and this court disfavor the judicial creation of marine insurance rules:

> It has been authoritatively recognized that, just as Congress has abstained from regulating insurance, so should the federal courts. The Supreme Court has declared: "We, like Congress, leave the regulation of marine insurance where it has been-with the States." The Supreme Court has noted that the requirement of a uniform federal maritime law "still leaves the states a wide scope."

*Bank of San Pedro v. Forbes Westar, Inc.,* 53 F.3d 273, 275 (9th Cir.1995) (citation omitted) (quoting *Wilburn Boat Co. v. Fireman's Fund Ins. Co.,* 348 U.S. 310, 321, 75 S.Ct. 368, 99 L.Ed. 337 (1955)). In *Wilburn Boat,* the Supreme Court explained that "[t]he whole judicial and legislative history of insurance regulation in the United States warns us against the judicial creation of admiralty rules to govern marine policy terms." *Wilburn Boat,* 348 U.S. at 316, 75 S.Ct. 368. Consequently, the Court preferred to leave the regulation of marine insurance contracts to the states.

In *Steelmet, Inc. v. Caribe Towing Corp.,* 779 F.2d 1485 (11th Cir.1986), the Eleventh Circuit similarly faced the question whether it should fashion a federal admiralty rule that would prohibit third parties from bringing a direct action against an insurer despite the fact that Florida law permitted such actions. *Id.* at 1489. The court declined to fashion such a rule, explaining that Florida's law that permitted a direct action did not affect any strong admiralty interest:

> While [the direct action statute] confers upon an injured party a substantive right which becomes vested at the moment of the injury, *it is not a right essentially maritime in character,* nor one peculiar to

admiralty or maritime jurisdiction, but is one which applies alike to all contracts of public liability insurance, regardless of whether the injury occurs ashore or afloat. *There is nothing in it which undertakes to change the substantive admiralty law, nor does it undertake to deal with a remedy in courts of admiralty.* The statute provides only an additional and cumulative remedy at law in the enforcement of obligations of indemnity voluntarily and lawfully assumed by the insurer. Thus the statute does not conflict with any feature of substantive admiralty law, nor with any remedy peculiar to admiralty jurisdiction.

*Id.* at 1491 (citing *Cushing v. Maryland Casualty,* 198 F.2d 536, 539 (5th Cir.1952) (emphasis added)); *see also Morewitz,* 62 F.3d at 1362–63 (permitting third party to bring direct action against indemnity insurer pursuant to Alabama statute allowing direct actions against insurers).

■ Notably, although the Sixth Circuit decided to fashion a uniform admiralty rule in *Aasma,* it did so under circumstances "differ[ing] markedly from *Wilburn Boat,*" which "involved a single houseboat on a small lake." 95 F.3d at 404. In *Aasma,* the Sixth Circuit recognized that contracts of marine insurance are generally regulated by state law, *see id.* at 403, but concluded that the uniquely maritime context of the controversy before it required the application of a federal admiralty rule. The rule in that case was expressly narrow and limited to the facts before the court. *Id.* at 404. The case involved a large class of mariner plaintiffs who sued for exposure to asbestos while working in international transport on the high seas. The insurer was a collective of shipowners who "agreed to insure one another's vessels for the mutual benefit of all." *Id.* (quoting *Psarianos v. Standard Marine, Ltd., Inc.,* 728 F.Supp. 438, 451 (E.D.Tex.1989)). That case truly concerned "shipping in its national and international aspects." *Id.* (quotation omitted). The instant case, by contrast, involves a single plaintiff who was pursuing recreational activities when injured by the owner of a single boat who had purchased a form insurance policy translated to English from its original language.

Because of the admonitions against judicial creation of federal maritime law to govern maritime insurance policies and the absence of any compelling need in this case for a uniform admiralty rule, we decline to fashion a rule that would prohibit third parties from bringing direct actions against indemnity insurers. We reserve the question of the need for a uniform rule on this issue in other cases that are more uniquely maritime in nature.

## C. State Law Applies in Absence of Federal Maritime Law

■ Because there is no federal maritime rule that prohibits Kiernan from directly suing Zurich, we look to California law to determine if Kiernan may bring such an action. *Wilburn Boat,* 348 U.S. at 314, 75 S.Ct. 368; *Suma,* 122 F.3d at 35. Zurich contends that Kiernan cannot bring a direct action against it because the insurance policy provides that "no person, excepting a legally appointed receiver of the property of the assured [Capistrano], shall acquire any right against the assurers [Zurich] by virtue of this insurance without the expressed consent of the assurers." Because Kiernan is not the assured or a legally appointed receiver, Zurich argues that the policy prohibits Kiernan from bringing a direct claim against it.

But California law expressly provides that an insurance policy *must* allow the judgment creditor of an insured to bring a direct action against the insurance company. California Insurance Code § 11580 provides in pertinent part:

*A policy insuring against losses set forth in subdivision (a) shall not be issued or delivered to any person in this state unless it contains* the provisions set forth in subdivision (b). Such policy, whether or not actually containing such provisions, shall be construed as if such provisions were embodied therein.

(a)(1) Against loss or damage resulting from liability for injury suffered by another person. . . .

(b) Such policy shall not be thus issued or delivered to any person in this state unless it contains . . . :

(2) *A provision that whenever judgment is secured against the insured . . . in an action based upon bodily injury, death, or property damage, then an action may be brought against the insurer on the policy and subject to its terms and limitations, by such judgment creditor to recover on the judgment.*

Cal. Ins.Code § 11580(a) & (b) (emphasis added.) Because Kiernan is a judgment creditor who received a judgment based on an action for bodily injury, California law expressly permits Kiernan to bring a direct action against Zurich.[2] Any provision in the insurance policy that interferes with this statutory right is void and unenforceable. Thus, California state law applies and expressly permits Kiernan's direct action against Zurich.

## D. Pleading Requirements

■ Zurich next argues that Kiernan has failed to state a claim upon which relief may be granted. Specifically, Zurich claims that because Kiernan did not plead that he signed a waiver as requested of all passengers under the "Parasailing Warranties" provision of the insurance policy, he failed to plead that he satisfied all of the conditions precedent under the policy. Thus, Zurich contends that Kiernan's pleadings fail to satisfy the requirements set out in Rule 9(c) of the Federal Rules of Civil Procedure.

■ Rule 9(c) provides that "it is sufficient to aver generally that all conditions precedent have been performed or have occurred. A denial of performance or occurrence shall be made specifically and with particularity."

---

**2.** The parties do not discuss or dispute whether § 11580 applies to indemnity policies. This court has determined that § 11580 applies to policies indemnifying loss from liability for personal injury as well as liability policies. *Haisten v. Grass Valley Med. Reimbursement Fund, Ltd.,* 784 F.2d 1392, 1403–04 (9th Cir.1986). In *Haisten,* we explained that the purpose of § 11580 is

to "give to the injured claimant a cause of action against an insurer for the same relief that would be due to a solvent principal seeking indemnity and reimbursement after the judgment had been satisfied." *Id.* at 1403 (quoting *Hynding v. Home Acc. Ins. Co.,* 214 Cal. 743, 7 P.2d 999, 1001 (1932)).

Fed.R.Civ.P. Rule 9(c). But Rule 9(c) does not expressly require that performance of conditions be pled, it merely sets forth the manner in which such pleadings should be made. 2 James Wm. Moore, *Moore's Federal Practice,* § 9.04[1] (3d ed. 1997) ("Neither Rule 9(c) nor Rule 8(a)(2) expressly requires that the performance or occurrence of conditions precedent be pled at all by a claimant.")

Nevertheless, although Kiernan did not specifically allege that he signed a waiver, he did claim that the parasailing accident occurred "while the policy was in full force and effect." For the policy to be in "full force and effect," Kiernan must have satisfied all of the conditions precedent. This general statement is an adequate averment under the loose guidelines of Rule 9(c).

Accordingly, the district court's judgment is AFFIRMED.