**BRITAMCO UNDERWRITERS, INC.**

v.

**RAYMOND E. WALLACE SPECIAL PRODUCTIONS, INC.**

No. Civ.A. 98–4540.

United States District Court, E.D. Pennsylvania.

June 22, 1999.

Michael B. McCauley, Palmer Biezup & Henderson, Philadelphia, PA, for plaintiff.

John N. Ellison, Anderson Kill & Olick, P.C., Philadelphia, PA, for defendant.

## MEMORANDUM AND ORDER

JOYNER, District Judge.

This is a declaratory judgment action brought by the plaintiff, Britamco Underwriters, Inc. ("Britamco") against the defendant, Raymond E. Wallace Special Productions, Inc. ("Wallace") to resolve coverage issues of a marine liability insurance policy that Britamco issued to Wallace. Before the court is Wallace's Motion to Dismiss for Improper Venue pursuant to Federal Rule 12(b)(3) of Civil Procedure, or alternatively Motion to Transfer for Improper Venue pursuant to 28 U.S.C. § 1406(a) and/or Motion to Transfer pursuant to 28 U.S.C. § 1404(a). For the following reasons, the motions will be denied.

### Factual Background

On August 24, 1998 Britamco filed suit seeking to determine whether Britamco is required to provide coverage to Wallace on a marine liability insurance policy. Wallace "specifically purchased the ... policy for the express purpose of obtaining coverage with respect to the work that Wallace did in connection with the MOSHULU." (Def.'s Mem. at 18).[1] The MOSHULU is an historic sailing vessel in Philadelphia that was renovated in part by Wallace. Wallace's work allegedly caused some property losses. As a result of these losses, the owners of the MOSHULU, HMS Ventures, Inc. sued Wallace and others involved in the work on the MOSHULU.

### Discussion

#### I. Venue

■ Wallace moves to dismiss under Federal Rule 12(b)(3) of Civil Procedure or transfer under 28 U.S.C. § 1406(a) the Complaint for improper venue arguing that this court is an improper venue pursuant to 28 U.S.C. § 1391(a)(2). Because Britamco invokes the court's admiralty jurisdiction,[2] however, the requirements for proper venue are found in 28 U.S.C. § 1391(b). Section 1391(b) states in pertinent part that "[a] civil action ... may, except as otherwise provided by law, be brought only in ... (2) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred[.] ..."[3]

■ Venue is determined by focusing on the location of those "events or omissions giving rise to the claim," rather than the defendant's "contacts with a particular district." *See Cottman Transmission Sys. v. Martino*, 36 F.3d 291, 294 (3d Cir.1994). The court is not required to select the best forum. *Id.* However, the substantiality requirement of Section 1391(b)(2) exists "to preserve the element of fairness so that a defendant is not haled into a remote district having no real relationship to the dispute." *Id.* To determine whether an act or omission giving rise to the claims is "substantial," the court must look at the nature of the dispute. *See Id.*

■ Here Britamco seeks a declaratory judgment that Britamco has no duty to indemnify or defend [Wallace] "in connection with any claims or losses set forth by HMS Ventures, Inc...." (Complaint at 10). Britamco alleges that to procure the insurance policy, Wallace concealed the true nature and scope of its activities and the contract with HMS Ventures, Inc., committed material misrepresentations and breached the duty of good faith and fair dealing. *See* (Complaint ¶ 12). Bri-

---

1. "Def.'s Mem." refers to Wallace Productions' Memorandum of Law in Support of its Motion to Dismiss, or Alternatively, to Transfer for Improper Venue and/or *Forum Non Conveniens.*

2. It is hornbook law that marine insurance policies are within the admiralty jurisdiction of the U.S. *See* 1 Steven F. Friedell, *Benedict on Admiralty* § 184 at 12–11–12, § 219 at 14–33–36 (7th ed.1999).

3. This section is identical in substance to § 1391(a). *See Cottman Transmission Sys. v. Martino*, 36 F.3d 291, 293–94 (3d Cir.1994); *Reliance Standard Life Ins. Co. v. Aurora Fast Freight, Inc.*, No. CIV.A. 96–7488, 1997 WL 83769 at *2 n. 3 (E.D.Pa. Feb.25, 1997).

tamco further claims that "the terms, conditions and exclusions of the policy also establish that there is no coverage for losses alleged by HMS Ventures, Inc. against Wallace." (Complaint ¶ 24).

The alleged acts of misrepresentation and concealment apparently did not occur in this district but a district in California since Wallace, a California corporation, purchased the insurance policy from an insurance broker in California. *See* (Complaint ¶ 2; Ex. C). However, the policy was procured to specifically cover Wallace's work on the MOSHULU in Philadelphia. The losses for which Wallace was alleged to be liable occurred in Philadelphia. Furthermore, the suit against Wallace for these losses was filed in this district.

Wallace argues that venue is improper because it is a California corporation with its principal place of business in California, the insurance policy application was completed in California, the insurance broker through which Wallace purchased the insurance policy is located in California and Britamco is not a Pennsylvania corporation. As Britamco correctly points out, however, "[t]he creation of the contract . . . is but one event in a series of events which give rise to this action." *Cornell & Co., Inc. v. Home Ins. Companies,* No. CIV.A. 94–5118, 1995 WL 46618 at *6 (E.D.Pa. Feb.6, 1995). Other events giving rise to this action include: (1) Wallace's work on the MOSHULU in Philadelphia, (2) the property losses of the MOSHULU in Philadelphia and (3) the ensuing suit filed in this district by HMS Ventures, Inc. against Wallace. It is clear that these events are more than tangential to the dispute. Therefore, since this forum has a real relationship to the action and a substantial part of the events which led to this action occurred here, it is fair to hale Wallace into this district.

## II. Convenience of Forum

Wallace also moves to transfer the case from this district as an inconvenient forum

pursuant to 28 U.S.C. § 1404(a). That statute provides:

> For the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought.

28 U.S.C. § 1404(a).

▮ Although § 1404 gives the district courts discretion to decide a motion to transfer based on an individualized, case-by-case consideration of convenience and fairness, such motions are not to be liberally granted. *Stewart Organization, Inc. v. Ricoh Corp.,* 487 U.S. 22, 29, 108 S.Ct. 2239, 2244, 101 L.Ed.2d 22 (1988); *Shutte v. Armco Steel Corp.,* 431 F.2d 22, 25 (3rd Cir.1970). This is because as a general matter, plaintiff's choice of forum is given great weight in the Section 1404(a) analysis, although on a motion to transfer venue, the plaintiff's choice is not accorded the decisive weight it enjoys under *forum non conveniens. National Property Investors VIII v. Shell Oil Co.,* 917 F.Supp. 324, 327 (D.N.J.1995); *see also, Jumara v. State Farm Insurance Co.,* 55 F.3d 873, 879 (3rd Cir.1995).

▮ Whereas when venue is attacked, it is the plaintiff who bears the burden of showing proper venue, where a party moves to transfer a case on grounds of inconvenience, it is that party which has the burden of showing the existing forum is inconvenient. *Ervin and Associates, Inc. v. Cisneros,* 939 F.Supp. 793, 796 (D.Colo.1996), *citing, inter alia, Chrysler Credit Corp. v. Country Chrysler, Inc.,* 928 F.2d 1509, 1515 (10th Cir.1991). Moreover, where the plaintiff chooses a forum which is neither his home nor the situs where any of the operative facts of the underlying action is based, his forum selection is entitled to less weight. *See Eagle Traffic Control, Inc. v. James Julian, Inc.,* 933 F.Supp. 1251, 1259 (E.D.Pa.1996); *Schmidt · v. Leader Dogs for the Blind, Inc.,* 544 F.Supp. 42, 47 (E.D.Pa.1982).

■ Thus, because the purpose of allowing § 1404(a) transfers is to "prevent the waste of time, energy and money and to protect litigants, witnesses and the public against unnecessary inconvenience and expense," the key considerations for the court to review when deciding a motion to transfer are (1) the convenience of the parties; (2) the convenience of the witnesses; and (3) the interests of justice. *Market Transition Facility of New Jersey v. Twena,* 941 F.Supp. 462, 467 (D.N.J. 1996), quoting *Van Dusen v. Barrack,* 376 U.S. 612, 616, 84 S.Ct. 805, 809, 11 L.Ed.2d 945 (1964). In *Gulf Oil Corp. v. Gilbert,* 330 U.S. 501, 67 S.Ct. 839, 91 L.Ed. 1055 (1947), the Supreme Court listed specific factors for the courts to consider when deciding transfer motions. *Id.* These factors fall into two categories: (1) the private interests of the litigants and (2) the public interest in the fair and efficient administration of justice. *Gulf Oil,* 330 U.S. at 508–09, 67 S.Ct. 839, 91 L.Ed. 1055.

■ The private interest factors include: (1) plaintiff's choice of forum, (2) the relative ease of access to sources of proof, (3) the availability and cost of compulsory process for unwilling witnesses, (4) obstacles to a fair trial, (5) the possibility of viewing the premises, if viewing the premises would be appropriate, and (6) all other factors relating to the expeditious and efficient adjudication of the dispute. *See Id.* The public interest factors include: (1) the relative backlog and other administrative difficulties in the two jurisdictions, (2) the fairness of placing the burdens of jury duty on the citizens of the state with the greater interest in the dispute, (3) the local interest in adjudicating localized disputes and (4) the propriety of having the jurisdiction whose law will govern adjudicate the dispute to avoid difficult problems in conflicts of laws. *See Id.; see also, DiMark Marketing, Inc. v. L.A. Health Service & Indemnity Co.,* 913 F.Supp. 402, 409 (E.D.Pa.1996). A court should not grant a transfer simply because the trans-

feree court is more convenient for the defendants and therefore if the transfer would merely switch the inconvenience from defendant to plaintiff, the transfer should not be allowed. *Market Transition Facility of New Jersey v. Twena,* 941 F.Supp. at 467; *Kimball v. Schwartz,* 580 F.Supp. 582, 588 (W.D.Pa.1984).

■ Here Britamco's choice of forum is entitled to great weight in the balancing process since the central facts of this suit happened in this district. As previously discussed, Wallace's work on the MOSHU-LU, the property losses on the MOSHU-LU and the ensuing suit filed by HMS Ventures, Inc. against Wallace occurred in this district. Thus, a substantial portion of the central facts of this case occurred within in this district. That being so, Britamco's choice of this district as a forum deserves great weight.

In support of a transfer, Wallace argues that the likely witnesses and all relevant documents are in California, a trial in Pennsylvania would cause Wallace economic hardship and Wallace's 81 year old principal would be inconvenienced by having to travel to this district. In regards to the likelihood of witnesses from California, it is true that their amenability to compulsory process is a factor the court must weigh in the Section 1404(a) analysis even though the defendant may have failed to show that the witnesses are necessary, important or would not be willing to appear at an eventual trial in Pennsylvania. *See Solomon v. Continental Am. Life Ins. Co.,* 472 F.2d 1043, 1047 (3d Cir.1973); *NCR Credit Corp. v. Ye Seekers Horizon, Inc.,* 17 F.Supp.2d 317, 321 (D.N.J.1998). However, Wallace's other private grounds for transfer do not support a transfer.

■ Wallace offers conclusory, unsubstantiated assertions of financial hardship and inconvenience. Although counsel may be inconvenienced moving documents from California to Pennsylvania in the event of a trial, convenience of counsel is not a factor to be considered in determining whether to

transfer venue pursuant to Section 1404(a). *See Solomon,* 472 F.2d at 1046; *NCR Credit Corp.,* 17 F.Supp.2d at 323. Wallace fails to show that shipping the records or other documents from California to Pennsylvania would create undue burden. There is no showing that Wallace's 81 year old principal necessarily would be required to travel to this district for trial. Wallace also does not indicate how its 81 year old principal would be inconvenienced in travelling to Philadelphia—the situs of Wallace's work on the MOSHULU.

Therefore, the only private factors supporting a transfer are that some events appeared to have occurred in California and some witnesses who are unamenable to compulsory process reside in California. These factors simply fail to outweigh the deference due to Britamco's choice of forum.

It is clear that the *Gulf Oil* public factors also fail to support a transfer. Although California may have an interest in this case because the insurance policy was completed in California, Pennsylvania also has an interest—determining the coverage issues for property losses within this district. Moreover, California's interest is not definitive since it is far from clear whether California law would even govern this marine liability insurance policy.[4] As such, Britamco's choice of forum holds the greatest weight.

### *Conclusion*

An appropriate Order follows.

### *ORDER*

AND NOW, this 22nd day of June, 1999, upon consideration of Defendant's Motion to Dismiss for Improper Venue pursuant to Federal Rule 12(b)(3) of Civil Procedure, or alternatively Motion to Transfer for Improper Venue pursuant to 28 U.S.C. § 1406(a) and/or Motion to Transfer pursuant to 28 U.S.C. § 1404(a) and Plaintiff's Response thereto, it is hereby ORDERED that the Motions are DENIED.

---

4. Wallace argues that the regulation of marine insurance policies are left to the states in cases like the instant one. The U.S. Court of Appeals for the Ninth Circuit in *Kiernan v. Zurich Companies,* 150 F.3d 1120, 1121 (9th Cir.1998) stated that "state law governs disputes arising under marine insurance contracts only 'in the absence of a federal statute, a judicially fashioned admiralty rule, or a need for uniformity in admiralty prac-

tice....'" *Id.* (quoting *Suma Fruit Int'l v. Albany Ins. Co.,* 122 F.3d 34, 35 (9th Cir. 1997)). Even if Wallace could convince the court to apply the *Kiernan* decision to the instant case, Wallace fails to show the absence of a federal statute, a judicially fashioned admiralty rule, or a need for uniformity in admiralty practice to permit the application of state law.