**AMERICAN LITTORAL SOCIETY and Sierra Club, Plaintiffs,**

v.

**UNITED STATES ENVIRONMENTAL PROTECTION AGENCY; Carol M. Browner, Administrator; United States Environmental Protection Agency, Region III; and W. Michael McCabe, Regional Administrator, Defendants.**

United States District Court, E.D. Pennsylvania.

Oct. 30, 1996.

549

James R. May, Wilmington, DE, for Plaintiffs.

Christopher A. Day, U.S. Envir. Protection Agency, Philadelphia, PA, for Defendants.

### ORDER AND MEMORANDUM

KATZ, District Judge.

**AND NOW,** this 30th day of Oct., 1996, upon consideration of Defendants' Motion to Transfer Venue, Defendants' Memorandum in Support of said motion, and the response thereto, it is hereby **ORDERED** that Defendants' motion is **GRANTED** and the Clerk shall transfer this matter, pursuant to 28 U.S.C. § 1404(a), to the United States District Court for the District of Delaware.

Section 1404 provides that a civil action may be transferred to any other district where the suit might have been brought, if such a transfer is in the interest of justice or for the convenience of the parties or the witnesses in the case. 28 U.S.C. § 1404(a) (1993 & Supp.1996). In order to transfer a

civil action, a court must examine factors set out in the statute as well as other factors that involve public or private interests. The statutory factors are: (1) the convenience of the parties; (2) the convenience of the witnesses; (3) the interest of justice; and (4) whether the case could have been brought in the proposed transferee forum. *Id.* The court must also balance some of the public and private interests at stake in the litigation in addition to examining the elements set out in the statute, such as:

(1) the plaintiff's choice of forum; (2) the relative ease of access to sources of proof; (3) the availability of compulsory process for attendance of unwilling witnesses; (4) the possibility of viewing premises, if applicable; (5) the cost of obtaining attendance of willing witnesses; (6) all other practical problems that make trial of a case easy, expeditious, and inexpensive; and (7) "public interest" factors, including the relative congestion of court dockets, choice of law considerations, and the relationship of the community in which the courts and jurors are required to serve to the occurrences that give rise to the litigation.

*Romann v. Geissenberger Manufacturing Corp.*, 865 F.Supp. 255, 264 (E.D.Pa.1994) (citations omitted); *see also Jumara v. State Farm Ins. Co.*, 55 F.3d 873, 879 (3d Cir. 1995). The burden of establishing the need for transfer rests with the moving party. *Id.* at 879. The court also has broad discretion to determine "whether convenience and fairness considerations weigh in favor of transfer." 55 F.3d at 888.

■ As for the statutory factor of convenience of the parties, both forums are equally convenient for the defendants; the United States asserts that it is prepared to litigate this matter in either the Eastern District of Pennsylvania or the District of Delaware. Def. Mem. at 8. Relevant members of the plaintiff public interest groups reside in Delaware, and plaintiffs originally filed this action in Delaware, so Delaware also appears to be a convenient forum. However, plaintiffs would prefer to use extensive law student assistance in this case, and the Eastern District is more lenient regarding law student involvement than the District of Dela-

ware. As a result, plaintiffs assert that a change in forum will also alter their legal resources and strategies. E.D.Pa. 83.5.1 (1996); Pl. Mem. at 15–16. Given the nature of this litigation, student assistance will undoubtedly be useful, but these same students are not precluded from aiding counsel in the District of Delaware. Although transfer may impinge on the educational experience the students will derive from this litigation, the plaintiffs will not be deprived of the substantial assistance that the students can provide if this court transfers this case to the District of Delaware.

■ As for the factor of the convenience of the witnesses, both forums are equally convenient. This claim is brought under the APA and the CWA. Review of agency action under the APA is limited to the administrative record, so both forums are equally convenient. *Democratic Party of United States v. National Conservative Political Action Comm.*, 578 F.Supp. 797, 813 n. 24 (E.D.Pa. 1983), *aff'd in part on other grounds, rev'd in part on other grounds*, 470 U.S. 480, 105 S.Ct. 1459, 84 L.Ed.2d 455 (1985). As for the CWA claims, these witnesses are located in Delaware, Philadelphia, and Washington D.C., so both forums are equidistant and equally convenient. Def. Mem. at 9–10.

The consideration of the interests of justice most strongly recommends that this court transfer venue to the District of Delaware. This suit was brought by two citizen groups that wish to improve the quality of water in the State of Delaware, and the disposition of this matter will affect not only private citizens but also industries in the state of Delaware. Pl. Comp. at 1–5. As such, this case is focussed on the interests of the state of Delaware and its citizens, and having the trial in Delaware best fosters the interests of persons who, although not parties to the case, are most directly affected by its outcome. *Adams v. Bell*, 711 F.2d 161, 167 n. 34 (D.C.Cir.1983), *cert. denied*, 465 U.S. 1021, 104 S.Ct. 1272, 79 L.Ed.2d 678 (1984).

With regard to the fourth statutory factor, as stated above, the relevant members of the plaintiff groups reside in Delaware. As for the question of venue, the cause of action can

be said to have arisen in Delaware. 28 U.S.C. § 1391(e) (1993 & Supp.1996). As a result, transfer is not precluded in this case.

As for the other factors, the plaintiff's choice of forum normally receives great deference, but when a plaintiff chooses a forum other than its home forum, that choice receives less deference. *Kielczynski v. Consolidated Rail Corp.*, 837 F.Supp. 687, 689 (E.D.Pa.1993). Although the court takes the plaintiff's choice of forum into account here and gives that choice the deference it requires, that choice is not controlling or absolute, nor can this court neglect the fact that plaintiffs originally chose to litigate in the forum they now wish to avoid. As for other practical considerations involving proof issues and the convenience of visiting sites or the convenience of the witnesses, these forums are basically equivalent. Ultimately, it is the public interest of the state and citizens of Delaware that forms the basis of this court's decision to transfer this case under § 1404(a), and its finding that defendants have met their burden of establishing a need for transfer. Transferring this action will not harm the interests of the parties involved and will bring the adjudication of this dispute to the venue directly affected by the interests at stake in this case.