Sherry J. MATT, Plaintiff,

v.

BAXTER HEALTHCARE CORP. and Administrative Comm'n of Baxter Int'l, Inc., Defendants.

No. CIV. A. 99–4421.

United States District Court, E.D. Pennsylvania.

Nov. 16, 1999.

Margaret A. Causland, Christine L. Vigliotti, Blank, Rome, Comisky & McCauley, Philadelphia, PA, for plaintiff.

Patrick J. Broderick, Wilson, Morrow, Broderick, O'Neill & Tompkins, Norristown, PA, for defendants.

### *MEMORANDUM & ORDER*

KATZ, Senior District Judge.

Defendant has moved for a transfer of venue pursuant to 28 U.S.C. § 1404(a). Because the convenience of the parties and the witnesses and the interests of justice warrant such a transfer, the court will grant the motion and transfer this case to the Northern District of Illinois.

*Background*

According to her complaint, plaintiff Sherry Matt was an employee of defendant Baxter Healthcare Corporation from November 1992 until she was terminated in September 1997. She now alleges retaliation under Title VII and the Pennsylvania Human Relations Act, breach of contract, bad faith denial of insurance benefits, violation of the Employee Retirement Income Security Act, violation of the Equal Pay Act, and intentional infliction of emotional distress. The defendants now move for a transfer of venue to the Northern District of Illinois pursuant to 28 U.S.C. § 1404(a).

*Discussion*

"For the convenience of the parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought." 28 U.S.C. § 1404(a). To justify a transfer under this section, the moving party must show that venue is proper in the transferee district and that the transfer will serve the convenience of the parties and witnesses and will promote the interest of justice. *See American Littoral Soc. v. U.S. E.P.A.*, 943 F.Supp. 548, 550 (E.D.Pa. 1996); *see also Jumara v. State Farm Ins. Co.*, 55 F.3d 873, 879 (3d Cir.1995) (stating that moving party has burden of showing transfer's appropriateness); *National Paintball Supply, Inc. v. Cossio*, 996 F.Supp. 459, 462 (E.D.Pa.1998) (same). The court should also look to such factors as

(1) the plaintiff's choice of forum; (2) the relative ease of access to sources of proof; (3) the availability of compulsory process for attendance of unwilling witnesses; (4) the possibility of viewing premises, if applicable; (5) the cost of obtaining attendance of willing witnesses; (6) all other practical problems that make trial of a case easy, expeditious, and inexpensive; and (7) "public interest" factors, including the relative congestion of court dockets, choice of law considerations, and the relationship of the community in which the courts and jurors are required to serve to the occurrences that give rise to the litigation.

*American Littoral Soc.*, 943 F.Supp. at 550 (citing *Romann v. Geissenberger Mfg. Corp.*, 865 F.Supp. 255, 264 (E.D.Pa.1994), partially abrogated on other grounds in *Eagle Traffic Control v. James Julian, Inc.*, 933 F.Supp. 1251, 1255–56 (E.D.Pa. 1996)); *see also Jumara*, 55 F.3d at 879 (describing factors).

The court agrees that venue is easily established in the Northern District of Illinois and that the case could have been brought there. Because both defendants reside in that district and a substantial part of the occurrences giving rise to the claim occurred there, venue would be proper under 28 U.S.C. § 1391(b). Plaintiff does not dispute this conclusion.

■ The other statutory factors also weigh heavily towards transfer. The first such issue is the convenience of the parties. Both defendants are located in Deerfield, Illinois, a Chicago suburb that is in the Northern District of Illinois. *See* Answer ¶ 8. Although Baxter does have a registered agent in Philadelphia, *see id.* ¶ 9, virtually all of the files regarding the employment and benefits decisions pertaining to plaintiff are kept in Illinois. *See* Def. Ex. 2 ¶ 3 (Aff. of Tracy Mohr, Baxter Human Resources Manager, stating that employment files are in Deerfield); Def. Ex. 3 ¶ 3 (Aff. of Dawn Weber, corporate counsel, stating that files of Administrative Committee are located in Deerfield). As plaintiff argues, the defendant would likely have to produce many of these documents in discovery regardless of the forum. However, the location of the files indicates that the locus of events was in Illinois, and access to proof would be facilitated were the action to proceed there.

While the court must weigh against these factors the plaintiff's forum preference, plaintiff concedes that she does not live in the Eastern District of Pennsylvania. *See* Pl. Mem. of Law at 3–4. She lives close to Pittsburgh in Wexford, Pennsylvania, which is located in the Western District of Pennsylvania. *See* Compl. ¶ 7. While Chicago is farther from Pittsburgh than is Philadelphia, it is still a 300 mile trip to Philadelphia. This minimizes the significance of plaintiff's choice of forum, particularly as most of the relevant events occurred in Illinois, as described subsequently. *See Britamco Underwriters, Inc. v. Wallace,* 56 F.Supp.2d 542, 545 (E.D.Pa. 1999); *American Littoral Soc.,* 943 F.Supp. at 551; *Kielczynski v. Consolidated Rail Corp.,* 837 F.Supp. 687, 689 (E.D.Pa.1993).

■ In the end, only the fact that plaintiff's attorney is located in Philadelphia suggests that a transfer might be inconvenient to the plaintiff. However, the convenience of counsel is not a factor that is relevant in deciding a motion brought under 28 U.S.C. § 1404(a). *See Solomon v. Continental Amer. Life Ins. Co.,* 472 F.2d 1043, 1047 (3d Cir.1973); *Jordan v. Delaware & Hudson Ry. Co.,* 590 F.Supp. 997, 998 (E.D.Pa.1984).

The convenience of the witnesses also leans toward transferring venue to the Northern District of Illinois. This factor is particularly significant. *See Kahhan v. City of Fort Lauderdale,* 566 F.Supp. 736, 739 (E.D.Pa.1983). Through affidavits, defendants have identified the witnesses they believe to be most important, and only one of them is located in the Eastern District of Pennsylvania. *See* Def. Ex. 2 (Aff. of Tracey Mohr, who maintains personnel files for many employees, including Matt); Def. Ex. 3 (Aff. of Dawn Weber, corporate counsel). Several others either live in Illinois or travel there frequently for business. The first such witness is Karen Wishart, the human resources director for the area in which Matt worked. She lives in St. Louis, Missouri and occasionally travels to Chicago on business. *See* Def. Ex. 2 ¶ 11. Ms. Wishart is expected to testify as to Baxter's employment policies, the decision to fire Matt, compensation issues, Matt's recording of conversations with Ms. Wishart,[1] and Matt's sexual harassment complaint. *See* Def. Mem. of Law at 8. Another such witness is Matthew Likens, the president of the division in which Matt worked. He currently works for Baxter in McGaw Park, Illinois. *See id.* ¶ 9. Defendants expect that he will also testify as to Matt's compensation. *See* Def. Mem. of Law at 8. Two other individuals, Weber and Lynda Walker, who might testify about the disability benefits sought by Matt, are also located in Deerfield. *See* Def. Ex. 3 ¶¶ 1, 11. Defendants list six other individuals who might also be called to testify: three of these

---

1. Defendant Baxter's counterclaim alleges a violation of Pennsylvania's wire-tapping statute.

people live in Deerfield, one lives in Georgia but travels to Chicago on business, one lives in Virginia but travels to Chicago on business, and one lives in Wisconsin. None of these individuals have any connections with the Eastern District of Pennsylvania or any occasion to travel here on business. *See* Def. Ex. 3 ¶ 11; Def. Ex. 2 ¶¶ 6, 7. Plaintiff's suggestion that those witnesses who do not live in either forum could travel to Philadelphia as easily as to Chicago ignores defendants' unrefuted statement that several such witnesses already travel to Chicago for business.

The only witnesses identified as being present in the Eastern District of Pennsylvania are physicians who treated Matt for Chronic Fatigue Syndrome and who provided information on the treatment to defendants during her efforts to obtain benefits. *See* Pl. Mem. of Law at 4–5; Pl. Ex. B ¶ 7. Plaintiff does not contest defendants' claim that such physicians would likely be damages witnesses. The convenience of such witnesses is accorded less weight than is that of liability witnesses. *See, e.g., Kahhan,* 566 F.Supp. at 739–40. Even if these witnesses would testify as to liability, plaintiff has not provided any means by which to assess the relative importance of their testimony, and it is clear that the great majority of witnesses reside outside of this jurisdiction.

The factors intended to assess the *interests of justice* also support transfer. Most of the events pertaining to plaintiff's own claim arose in the Northern District of Illinois. Plaintiff argues that the operative facts occurred in Pennsylvania because Matt worked in this area, because she made her sexual harassment complaints by telephone from Pennsylvania, and because she received mail and faxes regarding decisions in this jurisdiction.

*See* Pl. Ex. B ¶¶ 4–6. However, this lawsuit is based on decisions that were made in Illinois by defendants who reside in Illinois. Only the wire-tapping counterclaim truly implicates events that occurred in Pennsylvania.[2] A locale that is not the home of the plaintiff and where few of the operative facts occurred is entitled to less weight. *See Britamco Underwriters, Inc.,* 56 F.Supp.2d at 545. The court also gives some weight to defendants' claim that it would be beneficial to have the disability plan interpreted in the Northern District of Illinois given the large number of Baxter employees in that region who are directly affected by the plan and who may have some interest in consistent application of its provisions.

The only issue that might counsel denying the motion for transfer is that four or five[3] of the claims assert Pennsylvania state law claims. However, three other claims are federal causes of action, and a choice of law reason question alone is not a sufficient reason to leave the case in the Eastern District of Pennsylvania given all of the other factors pushing toward the Northern District of Illinois.

*Conclusion*

Although the court acknowledges that plaintiff would prefer that her claim proceed in the Eastern District of Pennsylvania, this preference is not enough to justify denying defendants' motion. Plaintiff herself does not reside in this district, and virtually all of the relevant witnesses and documents are located outside of this district. As venue would be proper in the Northern District of Illinois, the interests of justice, the convenience of the parties, and the convenience of the witnesses militate towards transferring it there.

An appropriate order follows.

2. The court notes that the complaint does not seek relief for sexual harassment but for adverse employment decisions allegedly made in retaliation for complaints. Again, these retaliation claims implicate decisions that occurred in Illinois.

3. The complaint is somewhat unclear as to what state law claims plaintiff asserts.

## ORDER

AND NOW, this 15th day of November, upon consideration of Defendant's Motion to Transfer Venue, and the response thereto, it is hereby ORDERED that the Motion is GRANTED. The Clerk shall transfer the record in this case to the Northern District of Illinois.