**Dan R. LINDLEY, Plaintiff,**

v.

**CATERPILLAR, INC., Defendant.**

**No. Civ.A. 00–591.**

United States District Court,
E.D. Pennsylvania.

April 17, 2000.

drawal defense. *See* Response to Petition, Ex. C, ¶ 6(1).

Dante Mattioni, Mattioni, Mattioni & Mattioni Ltd., Philadelphia, PA, for Plaintiff.

Gregory L. Baker, Howrey & Simon, Washington, DC, Glenn P. Callahan, McCarter and English, Philadelphia, PA, Stuart Ford, Howrey Simon Arnold & White, Washington, DC, for Defendant.

## MEMORANDUM & ORDER

KATZ, Senior District Judge.

Before the court is defendant's motion to transfer this action to the Middle District of Florida, Jacksonville Division. Because the court finds that such a transfer will serve the convenience of the parties and witnesses and that it is in the interests of justice, the motion will be granted.

### Background

According to the complaint, plaintiff Dan Lindley purchased a boat equipped with a Caterpillar engine. Lindley uses this boat in his commercial diving and fishing business. After breaking twice, the original engine was replaced by another Caterpillar engine. That engine, in turn, broke down four times and was replaced again. The third engine broke down twice; on the second occasion, Caterpillar refused to rebuild the engine unless the plaintiff paid for it. Asserting damages in excess of $500,000, plaintiff now alleges claims of products liability, negligence, breach of warranties, breach of contract, fraud, misrepresentation, breach of the Florida Deceptive and Unfair Trade Practices Act, and breach of the Illinois Consumer Fraud and Deceptive Business Practices Act.

Lindley alleges that he is citizen of Florida who resides in Jacksonville Beach, Florida. *See* Compl. ¶ 1. According to the undisputed declaration[1] submitted by defendant, the boat is also located in Jacksonville, Florida. *See* Decl. of Dennis Bieneman ¶ 3 (Mot. to Dismiss Ex. 2 ¶ 3).[2] Caterpillar is a corporation organized and existing under the laws of Delaware with an address and principal place of business in Peoria, Illinois. It is authorized to do business in Florida. *See* Compl. ¶ 2. The repair work that is at issue was performed by Ring Power Systems, an authorized Caterpillar dealer located in Jacksonville, Florida. *See* Bieneman Decl. ¶ 4.

---

1. Plaintiff did not respond to the motion for transfer.

2. Bieneman is the Product Support Manager in Caterpillar's Jacksonville district office.

*Discussion*

■ "For the convenience of the parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought." 28 U.S.C. § 1404(a). To justify a transfer under this section, the moving party must show that venue is proper in the transferee district and that the transfer will serve the convenience of the parties and witnesses and will promote the interest of justice. *See American Littoral Soc. v. U.S. E.P.A.*, 943 F.Supp. 548, 550 (E.D.Pa. 1996); *see also Jumara v. State Farm Ins. Co.*, 55 F.3d 873, 879 (3d Cir.1995) (stating that moving party has burden of showing transfer's appropriateness). The court should look to such factors as

> (1) the plaintiff's choice of forum; (2) the relative ease of access to sources of proof; (3) the availability of compulsory process for attendance of unwilling witnesses; (4) the possibility of viewing premises, if applicable; (5) the cost of obtaining attendance of willing witnesses; (6) all other practical problems that make trial of a case easy, expeditious, and inexpensive; and (7) "public interest" factors, including the relative congestion of court dockets, choice of law considerations, and the relationship of the community in which the courts and jurors are required to serve to the occurrences that give rise to the litigation.

*American Littoral Soc.*, 943 F.Supp. at 550 (citing *Romann v. Geissenberger Mfg. Corp.*, 865 F.Supp. 255, 264 (E.D.Pa.1994), partially abrogated on other grounds in *Eagle Traffic Control v. James Julian, Inc.*, 933 F.Supp. 1251, 1255–56 (E.D.Pa. 1996)); *see also Jumara*, 55 F.3d at 879 (describing factors).

■ As venue would clearly have been proper in the Middle District of Florida,

*see* 28 U.S.C. § 1391(a),[3] the court will address the other statutory factors and public interest considerations, virtually all of which weigh strongly in favor of transfer.

The Middle District of Florida would be a convenient location for both parties. As noted previously, the plaintiff resides and works in Jacksonville Beach, and his boat is also located in that area. The defendant has an office in Florida, and many of the individuals who performed service work on the boat are also located nearby. *See* Bieneman Decl. ¶¶ 3–5.

■ Obviously, the fact that plaintiff wishes to proceed in this venue is entitled to some weight. However, when the plaintiff does not live or work in this jurisdiction, the significance of this preference is minimized. *See Matt v. Baxter Healthcare Corp.*, 74 F.Supp.2d 467, 469 (E.D.Pa. 1999); *Britamco Underwriters, Inc. v. Wallace*, 56 F.Supp.2d 542, 545 (E.D.Pa. 1999); *American Littoral Soc.*, 943 F.Supp. at 551. The plaintiff's preference is also minimized because none of the events at issue in this case took place in Pennsylvania. *See Matt*, 74 F.Supp.2d at 469. While the plaintiff's attorney is located in Philadelphia, this fact alone is not relevant in ruling on a motion for transfer of venue. *See id.; see also Solomon v. Continental Amer. Life Ins. Co.*, 472 F.2d 1043, 1047 (3d Cir.1973); *Jordan v. Delaware & Hudson Ry. Co.*, 590 F.Supp. 997, 998 (E.D.Pa.1984).

The convenience of the witnesses, a particularly significant factor, also weighs heavily in favor of transfer. *See Matt*, 74 F.Supp.2d at 469. No Pennsylvania witness has been identified; most of the witnesses appear to be in Florida. As already discussed, the plaintiff and his boat are found in Florida. The defendant stresses that the Ring Power Systems rep-

---

**3.** This general venue statute permits diversity actions to be brought in a judicial district where any defendant resides, where a "substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of property that is the subject of the action is situated[.]" 28 U.S.C. § 1391(a)(1), (2).

resentatives who worked on plaintiff's boat are located in the Middle District of Florida, *see* Bieneman Decl. ¶ 4, as are various individuals from the Caterpillar office who were involved in the disputes. *See id.* ¶ 5. Some relevant Caterpillar employees may be found in Illinois, *see id.*, but, given that they would have to travel to Pennsylvania, the additional distance to Florida does not weigh against transfer. Finally, the defendant notes that most of the relevant documents are found in Florida.

Finally, the interests of justice also suggest that Florida is a more appropriate forum for this dispute. First, all of the relevant events occurred in Florida. A locale that is not the home of the plaintiff and where few of the operative facts occurred is entitled to less weight. *See Matt,* 74 F.Supp.2d at 470; *Britamco Underwriters, Inc.,* 56 F.Supp.2d at 545. Second, as defendant argues, transferring this case to Florida would permit the exercise of subpoena power over unwilling witnesses should the need arise. While this is not a dispositive factor, it is generally preferable to prosecute a case in a location where relevant witnesses can be compelled to attend. *See, e.g., Pennwalt Corp. v. Purex Indus., Inc.,* 659 F.Supp. 287, 291 (D.Del.1986); *see also Dinterman v. Nationwide Mut. Ins. Co.,* 26 F.Supp.2d 747, 750 (E.D.Pa.1998) (noting that subpoena power does not extend more than 100 miles from the Eastern District of Pennsylvania). Finally, Pennsylvania law appears to have little or no relevance to this case; the complaint does, however, raise claims under Florida and Illinois law. While the court makes no comment as to what law will ultimately govern this matter, it is difficult to see in what circumstance Pennsylvania law would be applied.

*Conclusion*

This case has no connection to Pennsylvania except for defendant's amenability to suit in this state and the location of plaintiff's attorney. The plaintiff and his vessel are located in Florida, as are the Caterpillar employees who were directly involved

in the disputed repairs. Witnesses and documents are also most readily available in Florida. Consequently, the motion for transfer will be granted.