**AMERICAN ARGO CORPORATION**

v.

**UNITED STATES FIDELITY & GUARANTY COMPANY.**

Civ. A. No. 84–0172.

United States District Court, E.D. Pennsylvania.

July 24, 1984.

James O. Hausch, Philadelphia, Pa., for plaintiff.

Sean O'Callaghan, Paoli, Pa., for defendant.

## MEMORANDUM AND ORDER

TROUTMAN, Senior District Judge.

■ Pursuant to 28 U.S.C. § 1404(a), the defendant has moved to transfer this declaratory judgment action to the Middle District of Pennsylvania. The statute provides that "[f]or the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought". Consistent therewith, a decision to transfer is committed to the sound discretion of the trial court. *Piper Aircraft Company v. Reyno,* 454 U.S. 235, 257, 102 S.Ct. 252, 266, 70 L.Ed.2d 419 (1981).

The plaintiff, American Argo Corporation, is a Delaware corporation with a place of business in Schuylkill Haven, Pennsylvania, in the Eastern District of Pennsylvania. The defendant, United States Fidelity and Guaranty Company (USF&G), is a Maryland corporation licensed to do business in all fifty states. It has offices in the Eastern District of Pennsylvania and the Middle District of Pennsylvania. The incident giving rise to this lawsuit took place at the plaintiff's plant in Schuylkill Haven. Consequently, all of plaintiff's documentary evidence is located in the Eastern District of Pennsylvania. Plaintiff arranged for a third-party, Kibbe's Specialty Contractor (Kibbe), to clean a boiler at its Schuylkill Haven plant. Kibbe was insured by the defendant, USF & G. During the course of the cleaning operation, the boiler was damaged by Kibbe employees. The plaintiff sued Kibbe in the Court of Common Pleas in Philadelphia. Kibbe notified the defendant of the lawsuit, but the defendant refused to provide coverage and a defense to Kibbe under the insurance policy. A consent judgment was entered in that lawsuit in favor of the plaintiff. Included in the consent judgment was an assignment by Kibbe to the plaintiff of all rights under Kibbe's insurance policy with USF & G.

Plaintiff plans to call as witnesses three employees of its Schuylkill Haven plant. These employees reside in the Eastern District of Pennsylvania. In addition, both parties are likely to either depose or call as witnesses employees of Kibbe. Since Kibbe maintains its business operations in the Middle District of Pennsylvania, its employees most likely reside there. The insurance policy in issue is a standard form insurance policy. Therefore, the defendant would be able to call employees from either its Eastern District of Pennsylvania or Middle District of Pennsylvania offices to testify as to the insurance policy's terms. Lastly, the average disposition time of civil cases in the Eastern District of Pennsylvania is seven (7) months from the date of filing as opposed to eight (8) months from the date of filing in the Middle District of Pennsylvania.[1]

■ In deciding a motion to transfer, we must balance all relevant private and public interest factors. Among the factors to be considered are the plaintiff's choice of forum, the location of the defendant's prin-

---

1. *See,* Management Statistics for United States Courts (1982), prepared by the Administrative Office of the United States Courts.

cipal offices, the residence of potential witnesses, the situs of the event giving rise to the suit, the location of pertinent records or documents, the pile-up of litigation in congested centers, and all other practical problems that make the trial of a case easy, expeditious and inexpensive. *Gulf Oil Corporation v. Gilbert,* 330 U.S. 501, 508–509, 67 S.Ct. 839, 843, 91 L.Ed. 1055 (1947); *Bonnell v. General Motors Corporation,* 524 F.Supp. 275, 276 (E.D.Pa.1981); *B.J. McAdams, Inc. v. Boggs,* 426 F.Supp. 1091, 1104 (E.D.Pa.1977); *Blender v. Sibley,* 396 F.Supp. 300, 302 (E.D.Pa.1975).

Plaintiff's choice of forum is given paramount consideration. *Shutte v. Armco Steel Corporation,* 431 F.2d 22, 25 (3d Cir.1970), *cert. den.* 401 U.S. 910, 91 S.Ct. 871, 27 L.Ed.2d 808 (1971). Moreover, where, as here, the plaintiff files suit in its home forum, that choice is entitled to considerable deference. *Piper Aircraft Company v. Reyno,* 454 U.S. at 255, 255 n. 23, 102 S.Ct. at 265, 265 n. 23. Keeping this in mind, a review of the relevant factors shows that the defendant has not met its burden in establishing the need for the transfer. The previously recited facts clearly weigh in favor of our retaining the suit in this district.

An appropriate order will follow.