Sandy CAMELI, Plaintiff,

v.

WNEP–16 THE NEWS STATION and The New York Times Company, Defendants.

Civil Action No. 00–CV–5294.

United States District Court, E.D. Pennsylvania.

Feb. 28, 2001.

Andrea M. Deutsch, Deutsch, Larrimore, Farnish & Andersson, L.L.P., Philadelphia, PA, for Plaintiff.

James A. Prozzi, Steven I. Farbman, Jackson, Lewis, Schnitzler & Krupman, Pittsburgh, PA, for Defendants.

JOYNER, District Judge.

### MEMORANDUM

This is an employment discrimination case brought by Plaintiff Sandy Cameli ("Plaintiff") against her former employer, Defendant WNEP–16 The News Station ("WNEP"), and Defendant The New York Times Company ("New York Times") (collectively, "Defendants"). Presently before the Court is Defendants' Motion to Trans-

fer. For the reasons that follow, we will grant Defendants' Motion.

## I. Standard for Motion to Transfer

■ Defendants move to transfer venue under 28 U.S.C. § 1404(a). Section 1404(a) states: "[f]or the convenience of parties and witnesses, in the interest in justice, a district court may transfer any civil action to any other district or division where it might have been brought." The threshold question under § 1404(a) is whether the proposed venue is an appropriate one. In this case, Defendants seek to transfer venue from the Eastern District of Pennsylvania at Philadelphia to the Middle District of Pennsylvania at Scranton. Defendants correctly argue that venue would have been proper had this case been brought in the Middle District of Pennsylvania. The Middle District is an appropriate venue for this Americans with Disabilities Act ("ADA") case because, among other reasons, the unlawful employment practice is alleged to have been committed, and relevant employment records are kept, in that district. See 42 U.S.C. § 12117(a); 42 U.S.C. § 2000e–5(f)(3). The only question is whether the case ought to be transferred.

■ The burden of showing the need for transfer rests with the movants. See Jumara v. State Farm Ins. Co., 55 F.3d 873, 879 (3d Cir.1995). Although the district court has wide discretion in transferring a case, transfers should not be liberally granted. Superior Precast v. Safeco Ins. Co. of Am., 71 F.Supp.2d 438, 445 (E.D.Pa.1999). There are a number of relevant private and public factors a court should consider in deciding a motion to transfer. The private factors include: (1) plaintiff's choice of forum; (2) defendant's preference; (3) whether the claim arose elsewhere; (4) the convenience of the parties as indicated by their relative physical and financial conditions; (5) the convenience of witnesses, only to the extent that they may be unavailable for trial in one of the fora; and (6) the location of books and records, again only to the extent that they could not be produced in one of the fora. Id. (citing Jumara, 55 F.3d at 879). The public interests include: (1) enforceability of the judgment; (2) practical considerations that could make the trial easy, expeditious, or inexpensive; (3) relative administrative difficulties in the two fora resulting from court congestion; (4) local interests in deciding local controversies at home; (5) public policies of the fora; and (6) the familiarity of the trial judge with the applicable state law in diversity cases. Id. (same, at 879–80).

## II. Application

### A. Private Interest Factors

■ The paramount private interest factor is the plaintiff's choice of forum. However, the deference given to a plaintiff's choice of forum is reduced when the operative facts that give rise to the action occur in another district. See, e.g., Visual Software Solutions v. Managed Health Care Assocs., No. 00–1401, 2000 WL 1056446, at *2 (E.D.Pa. Aug.1, 2000) (citing National Mortgage Network, Inc. v. Home Equity Ctrs., 683 F.Supp. 116, 119 (E.D.Pa.1988)); Stealth Audio Alarm & Pet Containment Sys., Inc. v. Orion Eng'g, Inc., No. CIV.A. 96–7931, 1997 WL 597653, at *4 (E.D.Pa. Sept.19, 1997) (same). Here, Plaintiff worked as a controller for WNEP in Moosic, Pennsylvania, and the allegedly unlawful termination occurred at that location. (See LaSpina Aff.) Likewise, Plaintiff's personnel records, performance reviews, and salary materials were administered and maintained from Moosic. (Id.). Although there is some dispute as to the exact corporate relation-

ship of WNEP and the New York Times, (Pl. Resp. at 5), it is clear to the Court that the operative facts of this case occurred in the Middle District. As a result, Plaintiff's choice of forum in the Eastern District is a factor worthy of consideration, but not a paramount one.

Turning to the other private interest factors, Defendants naturally prefer to conduct the trial in Scranton instead of Philadelphia. In addition, we find that the claim in this case arose in the Middle District. In opposition to this finding, Plaintiff argues that WNEP broadcasts its signal over areas in the Eastern District and conducts business in this district. She also states that she oversaw WNEP events occurring in this district. While that may be true, the instant claim involves an alleged violation of the ADA based on activities in WNEP's Moosic office. To the extent Plaintiff was not reasonably accommodated or was discriminated against, those acts or omissions occurred in the Middle District, and thus there can be no question that the claim arose there as well.

The convenience of the parties factor does not appear to favor either side. Plaintiff resides in Scranton, so transfer to Scranton would not appear to place any financial or physical hardships on her; Defendants are corporate entities with ample resources to defend their case in either Philadelphia or Scranton. Similarly, the convenience of witnesses factor is in equipoise. Defendants allege that "[a]ll likely witnesses for Defendants and Plaintiff are located and/or work in the Scranton area or in the Middle District of Pennsylvania." (LaSpina Aff. at ¶ 12). Although Defen-

dants' claim regarding witnesses seems plausible, if not probable, they do not identify any specific witnesses, nor indicate which particular witnesses would be unavailable to attend a trial in Philadelphia.[1] Finally, the location of books and records does not weigh in either party's favor. While the bulk of personnel records and the like may be in Moosic, Defendants have not offered evidence that these records could not be made available in Philadelphia.

In sum, we find that Plaintiff's choice of forum weighs slightly, but not heavily, against transfer; Defendants' preference and where the claim arose weigh strongly in favor of transfer; and the remaining private interest factors are in equipoise. We next turn to examine the public interest factors.

### B. *Public Interest Factors*

Most of the public interest factors are not relevant in this case. Factors such as enforceability of a judgment, administrative difficulties owing to court congestion, public policies of the fora, and one court's familiarity with state law have no bearing on the fair and convenient adjudication of this case, regardless of whether it is tried in the Eastern or Middle District of Pennsylvania. The two remaining public interest factors, however, do merit consideration. First, the practical considerations related to production of documentation and records that are currently in WNEP's Moosic offices may tip the balance slightly in favor of transfer. More importantly, there is a strong local interest in the

---

1. Under Fed.R.Civ.P. 45(b)(2), a subpoena compelling a witness to appear at trial may only be served within 100 miles of the courthouse where the trial is being held. We note that Scranton is approximately 125 miles from Philadelphia and approximately 120 miles from New York, while Philadelphia is approximately 95 miles from New York. Given the similarity of those distances, it appears that the location of the trial in this case may not automatically clarify whether certain witnesses will be within or beyond the 100 mile radius.

Scranton-area for this dispute to be resolved there. As Defendants point out, this claim involves a Scranton-area resident who was allegedly discriminated against by her Scranton-area employer. Nearly all of the relevant conduct occurred in that community, and the impact of any judgment would almost certainly be felt there. Conversely, Philadelphia's connection to this matter is at best tenuous. There is no indication that any party, witness, or other implicated person has any connection whatsoever with Philadelphia, other than perhaps working for a corporation that generally "conducts business" here. As a result, we find the local interest in this dispute weighs heavily in favor of transfer.

Viewing the private and public interest factors in their totality, we conclude that transfer to the Middle District of Pennsylvania is strongly favored in this case. Plaintiff's choice of forum is not a dominant factor here because the operative facts did not arise in this district, nor does Plaintiff reside here. Of the remaining relevant private and public factors, three weigh heavily in favor of transfer, while none weighs against transfer. For all of the above reasons, we will grant Defendants' Motion to Transfer.

## CONCLUSION

An appropriate Order follows.