Lloyd Z. REMICK, Esq.,

v.

Angel MANFREDY, John Manfredy Jeffrey H. Brown, Esq., and D'Ancona & Pflaum.

No. CIV. A. 99–CV–0025.

United States District Court, E.D. Pennsylvania.

April 12, 2001.

Patrick C. Campbell, Jr., Richard G. Phillips Associates, Philadelphia, PA, for plaintiff.

Louis C. Ricciardi, Rodriguez & Richards, LLC, Philadelphia, PA, for Defendants.

## MEMORANDUM AND ORDER

JOYNER, District Judge.

This civil action is once again before this Court following remand from the U.S. Court of Appeals for the Third Circuit for disposition of the defendants' renewed motion to transfer pursuant to 28 U.S.C. § 1404.[1] For the reasons which follow, the motion shall be denied.

### Background

According to the plaintiff's complaint, he is a Pennsylvania-licensed attorney with a national practice in sports and entertainment law. In the late fall of 1996, he and his colleague, Bernard Resnick, Esquire, were approached by professional boxer Angel Manfredy, his brother John and Jeffrey Brown, Esquire of D'Ancona & Pflaum, about representing Mr. Manfredy in negotiations with Cedric Kushner Promotions, Ltd. Subsequent to discussions and negotiations between Plaintiff, Res-

---

**1.** By Opinion and Order dated January 25, 2001, the Third Circuit Court of Appeals reversed in part and affirmed in part this Court's Memorandum and Order of April 22, 1999 granting the defendants' motion to dismiss for lack of personal jurisdiction. *See,* 52 F.Supp.2d 452 (E.D.Pa.1999). At the suggestion of the appeals court, defendants have renewed their alternative request to transfer this matter to the United States District Court for the Northern District of Illinois by filing a motion under Rule 17 for transfer. Given that Fed.R.Civ.P. 17 addresses such issues as real parties in interest and a party's capacity to sue and be sued, this Court is somewhat puzzled as to why the defendants have styled this motion as one under Rule 17. Nevertheless, we shall treat it as one for change of venue pursuant to 28 U.S.C. § 1404.

nick and Manfredy's lawyer and brother, Angel Manfredy entered into a fee agreement with Plaintiff under which Plaintiff was to receive 5% of up to $35,000 of the purse paid to Manfredy after the first bout fought after the signing of the agreement, 8% of the net amount of all purses or other compensation which Manfredy received during the term of the agreement and 15% of the gross amount which Manfredy received as the result of any endorsement contract which Plaintiff procured for him.

Although Plaintiff contends that he fulfilled all of the terms of his engagement by obtaining fights with better, more famous fighters, larger purses and lucrative endorsement contracts, on March 2, 1998, Angel Manfredy sent Plaintiff a letter terminating his representation, citing Plaintiff's failure to represent his interests and live up to certain promises as well as Plaintiff's ineffectiveness as a negotiator and attorney. While Plaintiff endeavored to "reject" Manfredy's termination letter and demanded continued payment, no further monies were forthcoming. Plaintiff thereafter commenced this lawsuit in December, 1998 alleging, *inter alia,* breach of contract, tortious interference with business relations, conspiracy and defamation.[2]

### Discussion

As a general rule, motions to transfer venue are governed by 28 U.S.C. § 1404(a), which states, in relevant part:

"For the convenience of the parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought."

Under 28 U.S.C. § 1391(a),

"A civil action wherein jurisdiction is founded only on diversity of citizenship may, except as otherwise provided by law, be brought only in (1) a judicial district where any defendant resides, if all defendants reside in the same State, (2) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of property that is the subject of the action is situated, or (3) a judicial district in which any defendant is subject to personal jurisdiction at the time the action is commenced, if there is no district in which the action may otherwise be brought."

While § 1404 gives the district courts discretion to decide a motion to transfer based on an individualized, case-by-case consideration of convenience and fairness, such motions are not to be liberally granted. *Stewart Organization, Inc. v. Ricoh Corp.,* 487 U.S. 22, 29, 108 S.Ct. 2239, 2244, 101 L.Ed.2d 22 (1988); *Shutte v. Armco Steel Corp.,* 431 F.2d 22, 25 (3rd Cir.1970). Indeed, the courts have uniformly held that the plaintiff's choice of forum is entitled to substantial deference and should not be lightly disturbed. The burden of establishing the need for transfer rests with the movant. *Jumara v. State Farm Insurance Co.,* 55 F.3d 873, 879 (3rd Cir.1995); *CAT Internet Services, Inc. v. Magazines.com, Inc.,* 2001 WL 8858, 2001 U.S. Dist. LEXIS 8 (E.D.Pa. 2001). Thus, the defendant must meet a

---

**2.** The Third Circuit found no specific jurisdiction existed here over Plaintiff's claims for defamation or misappropriation of image and likeness. It made no mention of the claims against Angel Manfredy for quantum meruit or breach of the duty of good faith nor as to the claim against Angel and John Manfredy for violation of the right of publicity. The Third Circuit did, however, affirm in all other respects this Court's dismissal of the claims against the individual defendants noting that Remick provided no legal argument to support his contention that the District Court erred in dismissing the remaining counts of his complaint. Accordingly, Counts V, VII and IX have been dismissed.

fairly heavy burden with respect to forum transfer, although it should be noted that the plaintiff's choice of forum is entitled to less weight where the plaintiff chooses a forum which is neither his home nor the situs of the occurrence upon which the suit is based. *Cameli v. WNEP–16,* 134 F.Supp.2d 403 (E.D.Pa.2001); *Jordan v. Delaware & Hudson Railway Co.,* 590 F.Supp. 997, 998 (E.D.Pa.1984); *Schmidt v. Leader Dogs for the Blind, Inc.,* 544 F.Supp. 42, 47 (E.D.Pa.1982).

 In deciding a motion to transfer, the court must first determine whether the alternative forum is a proper venue and then whether the balance of convenience clearly weighs in favor of a transfer. *Watt v. Consolidated Rail Corp.,* 1997. WL 288607, 1997 U.S. Dist. LEXIS 7454 (E.D.Pa.1997). In so ruling, courts have not limited their consideration to the three enumerated factors in § 1404(a) but rather have considered a number of public and private interest factors. The private factors include: (1) the plaintiff's forum preference as manifested in the original choice; (2) the defendant's preference; (3) whether the claim arose elsewhere; (4) the convenience of the parties as indicated by their relative physical and financial condition; (5) the convenience of the witnesses, but only to the extent that the witnesses may actually be unavailable for trial in one of the fora; and (6) the location of books and records, but only to the extent that the files could not be produced in the alternative forum. *Jumara,* 55 F.3d at 879; *CAT Internet Services,* 2001 WL 8858, at *7, 3001 U.S.Dist. LEXIS 8, at *20. The public interests include: (1) the enforceability of the judgment; (2) practical considerations that could make the trial easy, expeditious or inexpensive; (3) the relative administrative difficulty in the two fora resulting from Court congestion; (4) the local interest in deciding local controversies at home; and (5) the familiarity of the trial judge with the applicable state law in diversity cases. *Id.*

 In this case, we find that venue properly lies in both this district and the Northern District of Illinois as three of the four defendants reside in that district and a substantial part of the events or omissions giving rise to the plaintiff's claims occurred in both fora.

Turning next to an examination of the private interest factors, we note that Plaintiff obviously prefers and finds this district more convenient as it is his home forum, whereas the defendants clearly prefer and find the Northern District of Illinois more convenient as that is the district where three of them reside and to which the fourth is within ten miles' proximity. The parties' respective preferences and conveniences are therefore a wash.

Moreover, the claims upon which the complaint is based arose in large measure in both locations, among others. Indeed, while it appears that Mr. Manfredy and/or his agent made the initial inquiry into plaintiff's interest in representing him, it was not until after a meeting between Mr. Resnick, John Manfredy and Jeffrey Brown took place in Chicago and several more phone calls and facsimile transmissions between the parties in Illinois and Pennsylvania that an agreement for the representation was reached. Thereafter, while the fee agreement letter appears to have been drafted and signed by Mr. Remick in Pennsylvania it was then mailed to and signed by Angel Manfredy in Indiana. While much of Remick's work was undoubtedly performed at his office in Pennsylvania, it further appears that a substantial portion of it was performed in other fora, most specifically the Southern District of New York given that much of his time was evidently spent negotiating with Cedric Kushner Promotions in New York

City. Consequently, we cannot find that the location of the claims' origins tips the scales away from the Eastern District of Pennsylvania.

The parties have neither discussed nor offered any evidence with respect to the location of any relevant books and/or records in this case and hence we make no finding with regard to that element. Defendants have produced a listing of some eleven non-party witnesses from the Chicago area who they expect to testify at trial whereas the plaintiff avers that, in addition to himself and Resnick, he intends to call two non-parties from New York and New Jersey to testify on his behalf at trial. This, we find, tips the scales slightly in favor of the defendants, although neither party has suggested that their witnesses would be unavailable to testify should the matter be tried in a distant locale.

Turning next to the public interests, we note that a judgment is easily transferred from one district to another and thus it would not matter whether this case was tried here or in Illinois. No evidence has been provided to this Court as to whether there are any miscellaneous practical considerations that could make trial any more easy, expeditious or inexpensive in one fora or the other and, as per the decision of Judge Pallmeyer of the Northern District of Illinois, there is no distinction in docket congestion between this district and the Northern District of Illinois.[3] Accord-

ingly, in weighing these factors, we find the scales remain balanced.

■ We do find, however, that this forum has an interest in resolving claims for non-payment of bills owed to its citizens and in resolving issues regarding the capability of attorneys whom its licenses to practice law. Additionally, we would agree with Judge Pallmeyer's assessment that the trial judges in this district are far more familiar with the applicable, Pennsylvania law than are those in the Northern District of Illinois.[4] Thus, having now carefully considered and balanced the foregoing public and private interests of the respective parties, we can make no other finding but that the defendants have failed to meet their heavy burden of demonstrating that this action should be transferred. The defendants' motion to transfer must therefore be denied.

An order follows.

## ORDER

AND NOW, this day of April, 2001, upon consideration of Defendants' Motion to Transfer this action to the Northern District of Illinois and Plaintiff's response thereto, it is hereby ORDERED that the Motion is DENIED for the reasons set forth in the preceding Memorandum.

---

**3.** By Memorandum and Order of February 9, 2000, Judge Pallmeyer granted the defendants' motion to transfer to the Eastern District of Pennsylvania in what appears to be a related case arising out of the relationship between Angel Manfredy and Messrs. Resnick and Remick, captioned *Angel Manfredy v. Lloyd Remick and Bernard Resnick*, No. 99 C 3797, 2001 WL 204231. (See, Exhibit 9 to Defendants' Motion to Transfer). According to the plaintiff, however, the defendants, "rather than pursuing the claims here in Pennsylvania, surreptitiously withdrew their claims so as to avoid the actual transfer of

their case." (See, Plaintiff's Brief in Opposition to Defendant's Motion to Transfer, at pp. 6–7.)

**4.** We note that, other than a copy of Judge Pallmeyer's decision itself, this Court has been provided with no other evidence regarding Angel Manfredy's lawsuit against Plaintiff and his associate. Accordingly, there is insufficient evidence from which this Court can determine whether to give that decision collateral estoppel effect, as Plaintiff has urged.