Jeffrey **LABROT,** Plaintiff,

v.

**JOHN ELWAY CHRYSLER JEEP ON BROADWAY, et al.,** Defendants.

No. Civ.A. 05–2988.

United States District Court,
E.D. Pennsylvania.

June 27, 2006.

Michael T. Van Der Veen, Feasterville, PA, for Plaintiff.

Donald M. Davis, Margolis Edelsteinn, Keith D. Heinold, Marshall, Dennehey, Warner, Philadelphia, PA, for Defendants.

1. Plaintiff denies that it will split the action and states that DaimlerChrysler Corporations is the sole remaining Defendant. *See* Plaintiff's Response to Defendant's Motion to Transfer at 5.

## MEMORANDUM & ORDER

KATZ, Senior District Judge.

### I. Background

On May 29, 2003, while in Denver, Colorado, Plaintiff Jeffrey Labrot sustained serious injuries to his finger as the result of an allegedly defective power window system in a 1997 Jeep Grand Cherokee. Plaintiff asserts that when the driver of the vehicle shut off the ignition the front passenger window raised automatically to a fully closed position, crushing his finger. Plaintiff, a resident of Philadelphia, Pennsylvania, filed suit on May 18, 2005 in the Philadelphia Court of Common Pleas against Defendants John Elway Chrysler Jeep on Broadway and DaimlerChrysler Corporation. Defendants subsequently removed the case on the basis of diversity jurisdiction. On May 19, 2006, the court dismissed John Elway Chrysler Jeep on Broadway for lack of personal jurisdiction.[1]

Now before the court is Defendant DaimlerChrysler Corporation's Renewed Motion to Transfer Venue to the United States District Court for the District of Colorado. For the convenience of parties and witnesses, in the interest of justice, Defendant's Motion is denied.

### II. Discussion

■ "For the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought." 28 U.S.C. § 1404.[2] The movant has the burden of demonstrating that a transfer is warranted. *Jumara v. State Farm Ins. Co.*, 55 F.3d 873, 879 (3d Cir.1995). In general,

2. Here, there is no dispute that venue would be proper in the District of Colorado.

"the plaintiff's choice of forum should rarely be disturbed, unless the balance of factors is strongly in favor of the defendant." *Lacey v. Cessna Aircraft Co.*, 862 F.2d 38, 43 (3d Cir.1988).

■ Although there is no definitive list of factors, courts consider private and public interests, including (1) the plaintiff's choice of forum; (2) the relative ease of access to sources of proof; (3) the availability of compulsory process for attendance of unwilling witnesses; (4) the cost of obtaining attendance of willing witnesses; and (5) "public interest" factors, including the relative congestion of court dockets, choice of law considerations, and the relationship of the community in which the courts and jurors are required to serve to the occurrences that give rise to the litigation. *Lindley v. Caterpillar, Inc.*, 93 F.Supp.2d 615, 617 (E.D.Pa.2000) (citations omitted); *see also Jumara*, 55 F.3d at 879.

### 1) Plaintiff's Choice of Forum

■ Plaintiff's choice of venue weighs against transferring the case from Plaintiff's home forum of the Eastern District of Pennsylvania. Plaintiff's choice of forum is a paramount consideration in any determination of a transfer request. *Shutte v. Armco Steel Corp.*, 431 F.2d 22, 25 (3d Cir.1970). "Moreover, where, as here, the plaintiff files suit in its home forum, that choice is entitled to considerable deference." *American Argo Corp. v. U.S. Fidelity & Guar. Co.*, 590 F.Supp. 1002, 1004

(E.D.Pa.1984). Although deference to Plaintiff's choice of forum is somewhat diminished because the operative facts that gave rise to the action occurred in another forum, *see e.g. Cameli v. WNEP–16 The News Station*, 134 F.Supp.2d 403, 405 (E.D.Pa.2001), this factor still weighs against the transfer.

### 2) Relative Ease of Access to Sources of Proof

Neither party contends that its access to evidence will be significantly impaired if the case is not held in its preferred venue. Thus, this factor does not lend any support to the motion to transfer venue.

### 3) Availability of Compulsory Service

Consideration of the availability of compulsory service does not weigh in either party's favor. "[T]he purpose of a venue transfer is not to shift inconvenience from one party to another." *EVCO Technology & Development Co., LLC v. Precision Shooting Equipment, Inc.*, 379 F.Supp.2d 728, 730 (E.D.Pa.2005). In this case, the prospective transferee court in Colorado would have no more power to subpoena Plaintiff's witnesses located in Pennsylvania than this court would have to subpoena Defendant's witnesses located in Colorado. *See* FED.R.CIV.P. 45(b)(2)(stating that a district court's subpoena power does not reach potential witnesses located further than 100 miles from the courthouse). Thus, the main effect of transfer on the availability of compulsory service would be to shift the burden, not to lessen it.[3]

---

**3.** The court cannot accurately gauge which party would suffer more from the loss of compulsory process. Neither party has submitted a witness list or any evidence supporting the materiality of the proposed witnesses' testimony or the unwillingness of these proposed witnesses to testify in a distant forum. *See Plum Tree, Inc. v. Stockment*, 488 F.2d 754, 756–757 (3d Cir.1973)(holding that "the moving party must support their motion to transfer with any affidavits, depositions, stipulations, or other documents containing facts that would tend to establish the necessary

elements for a transfer under 28 U.S.C. § 1404(a)"); *Gonzalez v. Electronic Control Systems, Inc.* 1993 WL 372217, *4 (E.D.Pa.1993)(holding that "to show inconvenience to witnesses, the moving party needs to provide the type of documents set forth in *Plum Tree*"); *Leonardo Da Vinci's Horse, Inc. v. O'Brien*, 761 F.Supp. 1222, 1230 (E.D.Pa.1991)(holding the burden is on the moving party to demonstrate why the witnesses are needed). Indeed, Defendant concedes that "it may not ultimately be necessary

*(4) Cost of Obtaining Attendance of Willing Witnesses*

Similarly, a transfer of venue simply would shift the cost of obtaining the attendance of willing witnesses from the Defendant to the Plaintiff. "Important to the interest of justice analysis is the relative ability of the parties to bear the expenses of litigation in the distant forum." *Gonzalez v. Electronic Control Systems, Inc.,* No. CIV. 93–3107, 1993 WL 372217, *4 (E.D.Pa. Sept. 17, 1993); *see also Jumara,* 55 F.3d at 879 (noting that the court may consider the parties' relative financial conditions). Defendant asserts that the cost of transporting witnesses "would be a substantial financial burden on DaimlerChrysler Corporation." Defendant's Renewed Motion to Transfer Venue at 17. Defendant DaimlerChrysler, a multi-national corporation,[4] however, is in a better position to shoulder the financial burden of transporting witnesses than is the individual Plaintiff. Thus, transferring venue would simply shift the expense to the party less able to bear it. This weighs against transferring the case.

*(5) Public Interest Factors*

In consideration of the public factors, Defendant argues the choice of law issues weigh slightly in favor of transfer. Although the court makes no comment yet as to what law will ultimately govern this matter, it seems possible that law other than Pennsylvania's would be applied. *Cf. Lindley,* 93 F.Supp.2d at 618. This factor alone, though, is insufficient to meet Defendant's burden as federal courts routinely apply the law of other jurisdictions in diversity matters.

Thus, after considering the private and public factors, this Court finds that the

Defendant has not met its burden of establishing the need for transferring this case to another district. Accordingly, the court denies Defendant's Renewed Motion to Transfer Venue. An appropriate Order follows.

### ORDER

**AND NOW,** this 27th day of June, 2006, upon consideration of Defendant Daimler-Chrysler Corporation's Renewed Motion to Transfer Venue to the United States District Court for the District of Colorado and the response thereto, it is hereby **ORDERED** that said Motion is **DENIED.**

---

to have all deposed witnesses at trial." Defendant's Renewed Motion to Transfer Venue at 15.

4. According to its annual report Daimler-Chrysler Corporation earned had revenues of 149.8 billion euros in 2005.